[No. 20682.    Department Two. — October 5, 1890.]

## THE PEOPLE, RESPONDENT, *v.* AH GEE YUNG, APPELLANT.

CRIMINAL LAW — HOMICIDE — EVIDENCE — BURDEN OF PROOF — MITIGATING CIRCUMSTANCES — REASONABLE DOUBT. — Under section 1105 of the Penal Code, casting upon the defendant charged with the commission of a homicide the burden of proving circumstances of mitigation, or that justify or excuse the homicide, after the prosecution has shown the commission of the act charged, the defendant is only bound to produce such evidence as will create in the minds of the jury a reasonable doubt of his guilt of the offense charged, and he need not prove such circumstances by a preponderance of evidence; but it is incumbent upon the defendant to produce evidence sufficient to raise such reasonable doubt.

ID. — PRESUMPTION OF CRIMINAL INTENT — REBUTTING EVIDENCE. — An unlawful act is presumed to have been committed with unlawful intent,

but the presumption may be rebutted, and is sufficiently rebutted and overcome when a reasonable doubt is raised as to the defendant's guilt, and if a reasonable doubt is raised, the burden or *onus* is lifted, and the jury must presume an absence of such criminal intent.

ID. — INSTRUCTION AS TO BURDEN OF PROOF — LANGUAGE OF STATUTE. — An instruction as to the burden of proof in a case of homicide, substantially in the language of section 1105 of the Penal Code, cannot be misleading or prejudicial, if the court in its charge emphasizes and clearly enforces the right of the defendant to have in every step of the case all reasonable doubts as to his guilt, or as to any fact essential to show guilt, resolved in his favor.

ID. — INSTRUCTION AS TO DEGREES OF OFFENSE — ASSUMPTION OF GUILT — CONSTRUCTION OF CHARGE. — An instruction as to the degrees of the offense of homicide, and stating that should the jury entertain a reasonable doubt as to which of the grades of crime named the defendant may be guilty of, if any, they will give the benefit of such doubt and acquit him of the higher offense, and can find him guilty of the lower offense only, is not prejudicially erroneous, as assuming that they cannot find him not guilty, where it appears from the general tenor of the charge, and from the instruction as to the form of verdict, that the jury were expressly told that they could bring in a verdict of acquittal.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial.

The facts are stated in the opinion.

*George B. Graham, George W. Jones, M. Farley,* and *Graham & Monson,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of murder in the first degree. From the judgment rendered against him, and an order denying a new trial, this appeal is prosecuted. It is argued, on behalf of the defendant, that the court, among others, gave an erroneous instruction to the jury, reading thus: " In every crime or public offense, gentlemen of the jury, there must exist a union or joint operation of act and intent or criminal negligence. But when the act committed by the accused is of itself an unlawful act, the law, in the first instance, presumes the criminal intent, and the *onus* or burden of proof falls upon the defendant to show the absence of

criminal intent. In this case, if you find from the evidence that the defendant struck the fatal blow, then the burden of proving circumstances of mitigation, or that justify or excuse the homicide, devolves upon the defendant, unless the proof upon the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." Following this it is stated: "The law presumes every man to be innocent until his guilt is established beyond any reasonable doubt, and this presumption attaches at every stage of the case, and to every fact essential to a conviction." And throughout the instructions asked by the defendant, and given by the court, the principle is enunciated that at all times, and under all circumstances, it is incumbent upon the people to establish the guilt of the defendant by evidence beyond any reasonable doubt.

Nowhere, either in the charge or in the instructions, is it even hinted that the lifting the burden, by showing the absence of criminal intent thrown upon the defendant by the proof that he struck the fatal blow, must be done by any preponderance of proof. The instruction in this respect, substantially, is in the language of section 1105 of the Penal Code, and the meaning to be attached thereto is expressly stated in *People* v. *Bushton*, 80 Cal. 160, as follows: "The section [Pen. Code, 1105] casts upon the defendant the burden of proving circumstances of mitigation, or that justify or excuse the commission of the homicide. This does not mean that he must prove such circumstances by a preponderance of the evidence, but that the presumption that the killing was felonious arises from the mere proof by the prosecution of the homicide, and the burden of proving circumstances of mitigation, etc., is thereby cast upon him. He is only bound under this rule to produce such evidence as will create, in the minds of the jury, a reasonable doubt of his guilt of the offense charged." When such reasonable

doubt is thus raised, the presumption of criminal intent is overcome, the burden or *onus* is lifted, and the jury must presume an absence of such criminal intent. An unlawful act is presumed to have been committed with unlawful intent. (Code Civ. Proc., sec. 1963, subd. 2.) But such intent may be controverted by other evidence, and, in a case like the present, that intent may be rebutted, and its absence shown by any evidence which may raise in the minds of the jury a reasonable doubt of its existence; but such rebuttal it is incumbent upon the defendant to make, somewhere in the evidence. After such a plain declaration by the appellate court as to the meaning of the statute, it is not perceived how the giving of an instruction which embodied its provisions, coupled with others which so fully and clearly enforced the right of the defendant to have, in every step of the case, all reasonable doubts as to his guilt, or as to any fact essential to show guilt, resolved in his favor, could have prejudiced him, and we are unable to perceive any force in the argument of counsel that an instruction virtually in the language of the statute is in itself misleading.

The further point is made that the following instruction is wrong. It is (the Italics being our own): " Under the information in this case, the jury may, if the evidence warrant, find the defendant guilty of murder in the first degree, murder in the second degree, or manslaughter. Should the jury entertain a *reasonable* doubt as to which of the grades of crime named the defendant may be guilty of, *if any*, they will give the defendant the benefit of such doubt, and acquit him of the higher offense. That is to say, gentlemen of the jury, should you be convinced by the evidence, beyond a reasonable doubt, that the defendant is guilty of murder, and yet have a reasonable doubt as to whether he is guilty of murder in the first or second degree, you can only find him guilty of murder in the second degree.

So if the doubt in your mind be as to whether he is guilty of murder in the first or second degree, or of manslaughter, you can find him guilty of manslaughter only." The reason given by the appellant why the instruction is erroneous is, that he claims it carries with it the impression to the jury that the defendant is guilty of some offense; that the jury are told that they may find the defendant guilty of murder in the first degree, or murder in the second degree, or manslaughter, as the evidence may warrant, but they must find him guilty of some one of them, and they cannot find him not guilty. The jury is instructed: "Should your judgment be one of conviction, you should state the degree of the offense for which you convict. Should your verdict be one of acquittal, you will simply say, 'We, the jury, find the defendant not guilty.'" And by consent, the court instructed the jury particularly as to what the form of their verdict should be in the event they found the defendant guilty of murder in the first degree, and how the form should be on that verdict if they should fix his punishment at imprisonment for life in the state prison. Also, as to what the form should be for murder in the second degree, for manslaughter, and for a verdict of not guilty. It does not seem possible, from what we have quoted, and from the general tenor of the very full and clear charge and instructions, that the jury could have been misled in any degree into the belief that the court was of the impression, and so instructed them, that the defendant was necessarily guilty of some crime, and that they could not, if the evidence warranted, find him not guilty.

Perceiving no prejudicial error, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., concurred in the judgment.

MCFARLAND, J., concurring. — I concur in the judgment, but do not wish to be understood as commending or approving the first part of the instruction first quoted in the opinion of the commissioner. It is always dangerous to inject new language into the statement of old propositions. After all that has been said by this court in the Bushton Case, and since then, about requiring defendants to prove certain things by a preponderance of evidence, it would seem that trial courts might exercise some caution not to state the rule stronger against a defendant than it is stated in section 1105 of the Penal Code.