CONRAD MAAS v. THE TERRITORY OF OKLAHOMA.

(Filed Feb. 8, 1900.)

1. CRIMINAL LAW—*Insanity—Burden of Proof, On Whom.* Where one is being tried for murder, and his defense is insanity, lunacy or unsoundness of mind at the time of committing the act, the defendant, in the first instance, is presumed    to be sane and of sound mind, and the burden is upon him to introduce suficient evidence to raise a reasonable doubt of h's sanity. When he has done this the Territory, before a conviction can be had, is required to prove his sanity beyond a reasonable doubt.

2. INSANITY—*Test of Responsibility.* Under section 1852 of the crimes act of 1893, one who has sufficient mental capacity to know the wrongfulness of an act which is by law declared to be a crime, is responsible and subject to punishment therefor.

3. MOTION IN ARREST OF JUDGMENT—*Insanity.* Section 5373 of pro-
   cedure criminal, 1893, only requires the trial court to empannel
   a jury to enquire into the sanity of a defendant who is brought
   before it for judgment and sentence, when the trial judge enter-
   tains a reasonable doubt of the defendant's sanity; and where
   the trial court overrules the motion in arrest of judgment, which
   is based upon the condition of the defendant's mind, and sentences
   him, its finding as to such matters is entitled to the same weight
   and credit as a verdict against the defendant by a jury, and such
   finding will be disturbed on appeal only when it clearly appears on
   the face of the record that the proofs offered on the hearing of
   such motion were such as to raise a reasonable doubt of the
   defendant's sanity.

   (Syllabus by the Court.)

*Error from the District Court of Blaine County; before John
L. McAtee, District Judge.*

*R. B. Forrest, C. A. MacBrian & I. H. Lookabaugh,* for
plaintiff in error.

*J. H. Campbell, County Attorney, Seymour Foose* and *J.
C. Strang, Attorney General,* for defendant in error

Opinion of the court by

BURWELL, J.:  The appellant was tried and convicted of
the crime of murder in the district court of Blaine county
and sentenced to life imprisonment at hard labor.  From
this sentence he appealed to this court, and contends that
the trial court erred in two of its instructions to the
jury upon the defense of insanity, and these instructions
we will now consider.

"Instruction  28.  In this case it is claimed for the
defendant, that at the time of the commission of the act,
his mind and judgment were affected by an insane delu-
sion or by insanity, and to such an extent as to render
him of unsound  mind, and not responsible for his acts.

"Instruction 29.  In reference to this point you are
instructed that, although you may believe from the evi-

dence, that the defendant, at the time of the killing of his wife, Martha Maas, was affected by insanity or was laboring under an insane delusion, yet this would not exempt him from liability for his acts, if the jury believe from the evidence, beyond a reasonable doubt, that he intentionally fired the shot or shots which killed the deceased, and that he knew and was conscious at the time, that what he was doing was wrong and punishable by the law of this Territory."

To the giving of each of these instructions the defendant saved an exception.

If these two instructions stood alone, unaided by any other, it might be said that they were insufficient to present fully the question of insanity; but when considered in connection with the other instructions requested by the defendant, and given, they are a correct statement of the law.

Instruction 28 is merely a statement of the defendant's contention, and instruction 29 states the rule of law applicable thereto. Before discussing the general rules of law regarding insane persons, we will notice the express provisions of our own statutes. Section 5372 of Procedure Criminal, 1893, provides:

"An act done by a person in a state of insanity cannot be punished as a public offense, nor can a person be tried, adjudged to punishment or punished for a public offense while he is insane."

Section 1852 of the Crimes Act of 1893:

"All persons are capable of committing crimes except those belonging to the following classes: * * * Lunatics, insane persons, and all persons of unsound mind, including persons temporarily or partially deprived of reason, upon proof that, at the time of committing the act charged against them, they were incapable of knowing its wrongfulness."

Now, it is contended by the appellant's counsel that the statute recognizes two classes, (1) that one who is a lunatic or insane cannot, under any circumstances, be punished for an act done by him, and (2) that one of unsound mind, including persons temporarily or partially deprived of reason, cannot be punished for a criminal act upon proof that at the time of committing the act charged against him he was incapable of knowing its wrongfulness. This position is incorrect. We think that the language, "upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness," modifies "lunatics" and "insane persons," as well as, "persons of unsound minds" and "persons temporarily or partially deprived of reason." In other words, the language, "upon proof that at the time of committing the act charged against them they were incapable of knowing its wrongfulness," modifies all of subdivision four of section 1852 which precedes it; and an insane person or a lunatic, before he can be excused from the consequences of an act which is declared to be a crime on the ground of insanity or lunacy, must introduce his proof to show that, at the time of the commission of the act charged, he did not, by reason of his insanity or lunacy, have sufficient understanding to know that the act was wrong. Under this section of the statute the test of responsibility is fixed at the point where one has the mental capacity to know that the act is wrong, and if one has sufficient mental capacity to distinguish between right and wrong as applied to the particular act, and to understand the nature and consequences of such act, he is responsible for the same; and it is immaterial what standard scientific men may fix, or by what rules

the medical profession determines that one is a lunatic or insane, he is in law insane or a lunatic, or of unsound mind, or temporarily or partially deprived of reason to such an extent as will excuse him from punishment, only when he has not the capacity to know the wrongfulness of the particular act; but the knowledge of the wrongfulness of an act also embraces capacity to understand the nature and consequences of the same. But no matter what the condition of a defendant's mind at the time of committing an act which the statute declares to be criminal, he can only be excused where his defense is lunacy, insanity or unsoundness of mind, upon proof that he was incapable of knowing its wrongfulness; and the duty of establishing this proof is upon the defendant; but to what extent? Upon this point the authorities differ. Two states, New Jersey and Delaware, follow the rule that the defendant must prove his insanity beyond a reasonable doubt before he can be acquitted. But perhaps two-thirds of the states follow the rules that the defendant must prove his insanity by a preponderance of the evidence. Among the states following this rule, are, Alabama, Arkansas, California, Connecticut, Georgia, Idaho, Iowa, Kentucky, Louisiana, Maine, Massachusetts, Minnesota, Missouri, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, West Virginia and Nevada, and this is the rule in England. One of the best considered cases which follows this rule is *State v. Lewis*, (Nevada) 22nd Pac. 241, written by Chief Justice Hawley. This opinion is clear and logical, and shows great research and a thorough understanding of the subject. But with the development of criminal law and the advancement of civilization, the rules which once governed the

defense of insanity are being relaxed so as to give defendants the fullest opportunity to present the truth to the court and jury, that full justice may be done; and while it is true that this defense is sometimes successfully manufactured and imposed upon courts and juries, the adjudicated cases show no greater abuse of this defense than of the defense of alibi or self-defense. The defense of insanity, when successfully made, appeals to the tenderest sentiments and mercies of the jury; but when feigned and detected it invites their utmost contempt; and while juries are always ready to deal kindly with one who is so unfortunate as to be dethroned of his reason to such an extent that he cannot distinguish between right and wrong, they are also, as a rule, quick to punish a guilty defendant who tries to escape the consequences of his act through fraud and deceit. Therefore, viewing his defense from every standpoint, we see no good reason why the defense of insanity should be singled out and governed by rules as to burden of proof different from those applicable to other cases; and we feel constrained to enunciate the rule as to the burden of proof, where the defense is insanity, to be this: Every person is presumed to be sane or of sound mind and able to distinguish between right and wrong as applied to the particular act, and to understand the nature and consequences of such act; and the burden is upon the defendant in the first instance to overcome this presumption by introducing sufficient evidence to raise a reasonable doubt as to his sanity. When this is done then the state must prove the defendant's sanity beyond a reasonable doubt, in order to secure a conviction; and if, taking the evidence altogether, the jury entertain a reasonable doubt as to

the defendant's sanity, he should be acquitted. As has been well said by some of our ablest jurists, to doubt the defendant's sanity is to doubt his intent, and where one has not capacity to form an intent there can be no crime. Hence the above rule which is now the settled law of the following states: Illinois, Indiana, Kansas, Michigan, Mississippi, New Hampshire, New York and Nebraska. Some of the authorities go to the extent of holding that the defendant is not required to introduce sufficient evi-dence to raise a reasonable doubt of his sanity, but if he introduces any evidence tending to prove insanity in the slightest degree, that the state must then prove his sanity beyond a reasonable doubt.

This rule is manifestly unjust to the state. A defend-ant is presumed to be sane, and this presumption con-tinues until a reasonable doubt of his sanity is raised by competent evidence; and under our statutes the burden of raising this doubt is placed upon the defendant. Sec-tion 5227 of Statutes of 1893 provides:

"Upon trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was jus tifiable or excusable."

This statute was originally adopted in California, and has been repeatedly construed by the supreme court of that state. The early cases laid down the rule that in all trials for murder, the commission of the homicide being proved, the burden of proving circumstances of mitiga-tion or that justify or excuse the killing, devolves upon the defendant, and that such mitigation, justification or

excuse must be proved by a preponderance of evidence; but the later cases have repudiated this doctrine, and now hold that this section of the statute simply casts upon the defendant the burden of introducing sufficient evidence to raise a reasonable doubt of his guilt of murder: (*People v. Ah Gee Yung*, [Cal.] 24 Pac. 860; *People v. Bushton* [Cal.] 22 Pac. 127.) And this is the construction which we adopt. If the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable, no evidence need be introduced by him; but if the proof of the Territory does not tend to show justification, excuse or mitigation, then the burden is on the defendant to introduce sufficient evidence to raise a reasonable doubt as to his guilt of murder. Therefore, under our statute, a defendant is required to do more than introduce some evidence tending to prove his insanity. He must introduce sufficient evidence to raise a reasonable doubt of his sanity before the prosecution is rquired to introduce upon that subject.

There was no error in the instructions complained of; and the instructions on the question of insanity, when considered altogether, state the law fully and very liberally for the defendant.

Only one other question is raised by the defendant, and that is: Did the trial court err in overruling defendant's motion in arrest of judgment? After the defendant committed the crime for which he was convicted, and while he was confined in the county jail of Blaine county awaiting trial, he was adjudged insane by the county board of insanity, by a vote of two to one, the probate judge find-

ing that the defendant was sane. On the hearing of the motion in arrest of judgment the defendant's attorneys introduced in evidence this order of the county board of insanity adjudging the defendant insane. To rebut the inference that might arise from this order, the Territory filed certain affidavits from persons who had seen the defendant, and among others, the affidavit of the deputy sheriff, who talked with him frequently while he was confined in jail. The court, after considering all of the evidence, overruled the motion in arrest of judgment, and the defendant excepted.

Section 5373 of Procedure Criminal, 1893, provides:

"When an indictment is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be empanelled from the jurors, summoned and returned for the term, or who may be summoned by direction of the court, to enquire into the facts."

Under this section, when an indictment is called for trial, or, upon conviction, the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be empanelled to enquire into the facts, but the judge must necessarily determine for himself as to whether or not he entertains a doubt of the defendant's sanity. He has an opportunity to see the defendant and, in this case, the judge had presided over his trial just prior to the time the motion was presented, and the judge's facilities for forming an opinion as to the defendant's mental condition were most excellent. An appellate court is authorized to say that the trial court erred in a matter of this kind only when it affirmatively appears from the face of the record that

the evidence before the trial court was of such a character as to clearly raise a doubt of the defendant's sanity in the mind of the trial judge. A finding determining this question against the defendant is entitled to the same faith and credit as a finding of a jury against a defendant in the trial of a case. The finding of the county board of insanity was not the finding of a court, and, strictly speaking, was not proper evidence, as the only effect of such a finding is to admit one to the territorial asylum for treatment. So far as the issue on the motion in the trial court was concerned, it amounted to no more than the expression of an opinion by any other person out of court, and was therefore incompetent as evidence. (*Maas v. Phillips, Sheriff*, [Ok.] 61 Pac. 157; *Dewey v. Allgire*, 37 Neb. 6, 55 N. W. 276; *Leggate v. Clark*, 111 Mass. 308; *Knox v. Haug*, 48 Minn. 58, 50 N. W. 934.)

An adjudication to fix one's legal status must be by the probate judge under an entirely different provision of the statute; and a county board of insanity has nothing whatever to do with such adjudication. (*Maas v. Phillips, Sheriff, supra.*) The trial court was justified, under the showing, in overruling the motion in arrest of judgment. The case should be affirmed, and the judgment of the trial court carried into execution.

It is so ordered.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.