George HINEX, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13892.

Court of Criminal Appeals of Oklahoma.

July 27, 1966.

Scott Hendon, Shawnee, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

On December 15, 1964 George Hinex, hereinafter referred to as the defendant, was charged in the district court of Pottawatomie County with burglary in the sec-

ond degree, after former conviction of a felony. He was tried before a jury, found guilty as charged, and was sentenced to serve not less than three years, and not more than nine years in the state penitentiary.

"Motion in arrest of judgment and sentence, and for new trial" was duly filed and overruled. On January 21, 1965 judgment and sentence was pronounced, at which time defendant gave notice of intention to appeal to the Court of Criminal Appeals. Appeal bond was set by the court, which defendant did not make, so he was transported to the penitentiary to commence serving his sentence. His appeal was not perfected.

On July 28, 1965, without aid of counsel defendant filed his petition for delayed appeal, which petition was dismissed for the reason it was not properly verified. Defendant refiled his petition. On November 3, 1965, for what appeared justified reasons, this Court directed the district court of Pottawatomie County to appoint appellate counsel for defendant, and to furnish him with a casemade for the purpose of appeal. Mr. Scott Hendon was appointed counsel, and defendant's appeal was lodged with this Court on December 29, 1965, and defendant's brief in support thereof was duly filed. The Attorney General thereafter filed answer brief.

Defendant was charged with having broken into the APCO Filling Station in Tecumseh, in Pottawatomie County, and to have robbed a cigarette machine in the station. The State returned defendant's accomplice, Archie Lee McBrayer, from the state penitentiary to testify at defendant's trial. He testified to joining defendant in Seminole, Oklahoma, on the night in question. Soon thereafter he and defendant robbed a lumber yard in Seminole, and then proceeded on to Tecumseh, where they broke into the APCO Station. Witness stated that he remained in the defendant's automobile while defendant broke into, and robbed, the station. He testified that they then proceeded on to Shawnee, where they

planned to burglarize a laundromat, but their plan was interrupted when the laundromat lights were turned on.

They then went to another filling station to commit burglary, but their plans were again interrupted; after which they proceeded to still another filling station with plans to burglarize that station.

The attempted burglary at the laundromat was reported to the Shawnee police, who immediately proceeded to apprehend the burglars. McBrayer's testimony revealed that when he and the defendant were in the process of breaking into the last service station, defendant had reached the rear of the station when he heard the police car. When he heard the police car, he commenced to run from the scene. McBrayer remained in the defendant's automobile and proceeded to drive away. He was later apprehended in Seminole.

While the police were driving around the vicinity of the laundromat they discovered the defendant running, and pursued him for some twenty minutes prior to apprehending him. When the defendant was taken to the police station, the police discovered he had the following currency in his pockets: 15 quarters, 22 dimes, two nickels, and three bills in the denominations of $1, $5, and $10 respectively. Before the police commenced to question the defendant, he stated that he was tired and if they would let him rest a little while, he would tell them all about it; so, the police gave defendant a drink of water and let him sleep.

When defendant was awakened he proceeded to inform the officers concerning the APCO Filling Station robbery at Tecumseh. The police verified the fact that the station had been broken into and robbed, so defendant was held in custody.

The APCO Filling Station operator and two boys who worked for him testified to the fact that the station was broken into and robbed. Witness Archie Lee "Jiggs" McBrayer corroborated the story told to the police by defendant. The Shawnee and Seminole Police, as well as a certain agent of the State Bureau of Investigation, testified as to their findings, as the result of their investigations, all to the satisfaction of the jury.

Defendant introduced, as part of his defense, certain documents which indicated that he had been sent to Taft State Hospital, at Taft, Oklahoma, in July, 1963, and was discharged the same month as "nonpsychotic". Then on August 27, 1963 he was committed to the same hospital, diagnosed as "manic depressive". On November 28, 1963, defendant was released by the hospital to the care and custody of his father, as improved. On November 30, 1964 defendant was issued a "Certificate of Restoration to Mental Competency" and discharged by the medical authorities of the hospital.

Defendant offers three reasons for reversal of this conviction: that defendant was permitted to waive preliminary hearing; error of the court in refusing to commit defendant for mental observation; and, error of the court in failing to strike the testimony of the accomplice, Archie Lee McBrayer.

■ As to defendant's first point of contention, defendant was 21 years of age and no stranger to the courts. At this stage of the proceedings, this complaint comes too late, as this Court has held on numerous occasions that the entire preliminary proceedings may be waived. Such proceedings are waived by failure to file motion to quash or set aside the information, as provided by statute, before entering a plea on the merits; and after a plea of not guilty is entered upon arraignment in the district court, without filing a motion to quash the information, the question as to failure to have a preliminary examination is waived and may not be raised in the appellate court. Browning v. State, 31 Okl.Cr. 373, 239 P. 272; Parker v. State, Okl.Cr., 330 P.2d 1049; In re Application of Igo, Okl. Cr., 331 P.2d 969; Murff v. State, Okl.Cr., 379 P.2d 710.

We are of the opinion that the trial court did not err in permitting the defendant to waive preliminary hearing.

Much of defense counsel's argument, in his brief, is directed to the fact that the trial court overruled his motion to have defendant committed to the State Mental Hospital for observation; all of which is based upon his previous commitments to Taft State Hospital.

As pointed out by the Attorney General, the trial judge had ample opportunity to observe the defendant in court on several occasions.

 This Court has held on other occasions that the doubt referred to in Title 22 O.S.A. § 1162 is the doubt which must arise in the court's mind. While discussing this proposition, this Court said in Acuff v. State, Okl.Cr., 283 P.2d 856, 869:

"* * * [T]hat the doubt justifying the impaneling of a separate jury to try the issue of the defendant's present sanity, under the statute, *must arise in the mind of the court* from the facts and circumstances, which facts and circumstances should be of a substantial character." (Emphasis added)

See also Maas v. Territory, 10 Okl. 714, 63 P. 960, 53 L.R.A. 814; Grayson v. State, 85 Okl.Cr. 266, 188 P.2d 696.

The only authority cited by defense counsel is Marshall v. Territory, 2 Okl.Cr. 136, 101 P. 139. In that case, as in the many others considered by the Court, it is stated:

"If there exists in the mind of the court a doubt as to the sanity of the defendant, as expressed in the statute, means if the court has been advised from a reputable source—that is, if a statement is made to the court by credible person, or persons, under oath that the defendant is insane —a doubt is raised. While there is a judicial discretion left to the court to determine whether there exists in the mind of the court a doubt, nevertheless such discretion should not be arbitrarily exercised, and its positive declaration and statement, as above indicated, that the

defendant is insane necessarily presents a condition calling for investigation. The court may look to the source of information, the motive, opportunity, etc., of the party making it, but if the court denies the inquiry by a jury, it must do so under circumstances excluding all doubt of the truthfulness of the declaration that the defendant is insane." (Emphasis added)

In the instant case, counsel's motion and application for defendant's commitment to Central State Hospital for treatment was not verified, under oath; nor was there any other affidavit attached to support his motion. We presume, since counsel does not set out otherwise, that the trial court considered the documents of commitment to Taft State Hospital, and the certificate of discharge, when the motion was overruled. These items were submitted to the jury when defendant stood trial on this charge.

This Court, in Laslovich v. State, Okl.Cr., 377 P.2d 977, 981, discussing this proposition, quoted with approval from Bingham v. State, 82 Okl.Cr. 5, 165 P.2d 646, as follows:

"Before a trial court empanels a separate jury to try the issue of defendant's present sanity, under the Statute, a doubt must arise in the mind of the court. * * * (B)ut the existence of a doubt as to defendant's sanity must arise from facts and circumstances of a substantial character. In other words, there must exist reasons to believe that the claim of insanity made on behalf of the accused is genuine and not simulated as a means of defeating or delaying the law's penalties in cases where all other means of evading punishment would seem hopeless." (Emphasis added)

We are of the opinion that the trial court sufficiently satisfied the requirements of Title 22 O.S.A. §§ 1171 and 1172, when defendant's motion for observation was presented and overruled. Those sections provide, in substance, that the application may be filed thereby suspending the trial until

such application is ruled on by the district court. Section 1172 provides further:

"In the event the District Court determines that there is a doubt as to the present sanity of the individual, he shall be ordered committed to a State Hospital * * *."

■ We consider that the doubt referred to in section 1172 to be the same "doubt" considered in Title 22 O.S.A. § 1162, which provides for a jury trial to determine the defendant's sanity, as hereinbefore discussed.

■ We believe, also, that the court acted within its discretion, when it considered: the nature of the alleged insanity; the basis for the previous commitments,—that is, the violence of defendant prior to his previous examinations which precipitated those examinations and commitments,—as compared to the lack of such condition at the time of his arrest and confinement in jail on this charge. Likewise, his past medical history reflected tendencies to commit suicide, which are not reflected in this record, as existing at the time of this confinement. We are of the opinion that these were some of the facts and circumstances of substantial character, to which this Court has previously referred, as being those which the court should consider.

Further, we are of the opinion that when the trial court included four separate instructions concerning the sanity of the defendant, in face of what had transpired prior thereto, the question of defendant's sanity was considered by the jury.

We are therefore of the opinion that this defendant received due process of law, insofar as these matters were submitted to, and considered by the jury. The jury, as well as the court, observed this defendant and was in a position to evaluate his apparent condition, in face of his contentions. Each case of this nature must be considered on its own merits, and under these facts and circumstances the trial court did not commit error, when defendant's motion was overruled.

■ As to defendant's third contention, that the testimony of his accomplice should have been stricken, we are of the opinion that the trial court properly overruled defendant's motion to strike. After reviewing this record, we are satisfied that the accomplice's testimony was sufficiently corroborated to sustain defendant's conviction. See: Scott v. State, 72 Okl.Cr. 305, 115 P.2d 763; and Blumhoff v. State, 72 Okl. Cr. 339, 116 P.2d 212.

Finding no error substantially prejudicing the rights of defendant, the judgment and sentence of the district court of Pottawatomie County is sustained.

BUSSEY, P. J., and NIX, J., concur.