**O. D. CALLAWAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–291.**

Court of Criminal Appeals of Oklahoma.

Feb. 6, 1974.

John Connolly, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

O. D. Callaway, hereinafter referred to as defendant, was charged and tried in the District Court, Cotton County, Case No. CRF–71–25, for the offense of Shooting with Intent to Kill. A jury found the defendant guilty of the lesser included offense of Assault and Battery with a Dangerous Weapon and fixed his punishment at three (3) years imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated the facts are that the defendant, at the time of the offense, was a farmer living northeast of Walters, Oklahoma. Lloyd Smith, who was 14 years old at the time, was the son of Alfred A. Smith, who was also a farmer and owned property joining the defendant's property. For some two or three years prior to the offense, the defendant and the Smiths had had several disputes arising over stray cattle, fences, and gates of their respective properties. On the evening of December 27, 1971, Ron and Lloyd Smith were returning home in their father's pickup truck from repairing a gate, when they came up behind the defendant who was driving his pickup truck in the same direction. The defendant turned his pickup truck partially across the road, forcing the Smith brothers to stop. A second attempt was made to pass the defendant's vehicle, and this time the vehicles stopped approximately 20 to 40 feet apart. Defendant ordered the boys to

identify themselves; Ron Smith did so. The defendant then took a rifle from his vehicle and ordered the boys to stand in front of their vehicle's headlights. In order to prevent further trouble, Ron Smith turned his vehicle around and drove in the opposite direction. Lloyd Smith, at this point, was hunkered down, at the request of his brother, in the seat on the righthand side of the vehicle. The defendant then fired a rifle shot to the back of the Smith's vehicle's cab. The bullet struck Lloyd in the back. He was taken to a hospital and eventually recovered.

The defendant testified that he did not actually see either of the Smith boys; that he did have some conversation with Ron Smith and that he did not, at any time, see Lloyd and that he did not know that Lloyd was in the truck. He further testified that he had no animosity toward Lloyd and that he did not intend to shoot him; that he was only trying to stop the car by shooting out a tire.

The defendant's first proposition of error asserts that the trial court erred in refusing to instruct the jury on the offense of Aggravated Assault and Battery.

In the case of Jones v. State, 12 Okl.Cr. 255, 154 P. 689 (1916), this Court held:

"Where there is evidence that might tend to lessen the offense, or to reduce the crime to a degree lower than that charged in the indictment, or information, it is the duty of the trial court at all times to fully instruct the jury as to the law upon such lower degrees, or included offense. But where there is no evidence to support such lower degree, or included offense, it is not only unnecessary to instruct thereon, but the court has no right to ask the jury to consider such questions. In the case at bar, if the evidence of the state is to be believed, this plaintiff in error was guilty of assault with intent to kill—and nothing less. Upon the other hand, if his testimony must be believed—that is, testimo-

ny offered by him in his defense—then he was guilty of no crime whatever. The jury found that he was guilty of assault with intent to kill; and we believe, correctly so."

Also see Jennings v. State, Okl.Cr., 506 P. 2d 931 (1973).

In the instant case, the defendant cites the following testimony given by the defendant in his defense:

"Q. You have—then or now do you have any animosity or guilt feeling toward Lloyd Smith?

A. No, none whatsoever.

Q. Did you intend to shoot him?

A. No, sir, I did not." [Tr. 134]

\*     \*     \*     \*     \*     \*

"Q. When did you first get your gun out there?

A. Whenever I started back go [sic] this pickup, or vehicle.

Q. What did you intend to do?

A. I was going to do my best to find out who was in this vehicle.

Q. I see. Even if you had to shoot them?

A. No.

Q. I beg your pardon?

A. No, I had no intentions of shooting anyone." [Tr. 141]

It, therefore, appears that the defendant's defense to this crime was accident or misfortune, and if the jury believed his testimony, he was not guilty of any crime. The jury, however, chose not to accept his theory of the case. We, therefore, find there was no evidence to warrant an instruction on Aggravated Assault and Battery and therefore find no error in the trial court's refusal to give same.

The defendant's second proposition asserts certain statements made by the defendant to Deputy Sheriff John Wright were made before the defendant was advised of his constitutional rights and,

therefore, the trial court erred in admitting these statements into evidence.

We have carefully reviewed all the testimony given by Deputy Sheriff John Wright, and find that the defendant did not enter a single objection to any of his testimony. In the case of Griffin v. State, Okl.Cr., 453 P.2d 278 (1969)., this Court held in Syllabi Five:

> "Where the record does not show that counsel for appellant objected or excepted to the admission of evidence complained of, his assignment of error thereon is not reviewable, because not properly preserved."

We, therefore, find this proposition to be without merit.

The defendant's third proposition asserts that the examining magistrate erred in finding the defendant had been advised of his rights. We have carefully reviewed the record before this Court and find the defendant did not file a Motion to Quash, prior to entering a plea on the merits.

In the case of Hinex v. State, Okl.Cr., 417 P.2d 339 (1966), this Court held in Syllabi One:

> "Where defendant, upon arraignment, pleads to the merits and enters on trial, he waives right to preliminary examination, or if one was held, any irregularities therein. 22 O.S.1961 §§ 492, 493."

We therefore hold the defendant waived any complaint to the preliminary hearing.

The defendant's fourth proposition of error asserts the punishment was excessive. Suffice it to say the punishment received by the defendant is within the range provided by law and this Court has consistently held that a sentence will not be disturbed on appeal if it is within the statutory limits. See Fields v. State, Okl.Cr., 501 P.2d 1390 (1972). For the foregoing reasons, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.