**Roger Dale RUSSELL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–321.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1974.

**338**

Carson, Trattner & Cantrell, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill Bruce, Asst. Atty. Gen., for appellee.

OPINION ·

BUSSEY, Judge:

Roger Dale Russell, hereinafter referred to as defendant, was charged and tried for the offense of Murder and convicted for the lesser and included offense of Manslaughter in the First Degree, under the provisions of 21 O.S.1971, § 711, in the District Court, Tillman County, Case No. CRF–72–55 (this action was prosecuted before the effective date of current homicide statutes 21 O.S.1973 Supp. §§ 701.1, et seq.). The defendant was sentenced to ninety-nine (99) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The testimony at trial indicated that the 12 year old step-daughter of the defendant was found beaten to death in defendant's automobile in a sandpit area northwest of Tipton, Oklahoma, on December 16, 1972. Medical testimony set the time of death as the afternoon of December 16, 1972.

Various witnesses established that on the afternoon of December 16, 1972, the defendant was seen in Tipton, Oklahoma, driving his automobile. At that time the automobile was splattered with blood, as was the defendant. It was also related that defendant had proceeded out of town to the northwest. When the defendant returned to Tipton to his parents' home, he was driving an automobile that was later identified as belonging to Robert Clark whose home was located to the northwest of Tipton and near the location where the defendant's automobile was discovered.

After the defendant returned to Tipton, Steve Sanders, the Undersheriff of Tillman County was called. The defendant was taken to the Tipton City Hall for questioning. The defendant was informed that his car had been found and due to indications of his involvement he would be held. When the Undersheriff indicated that he was going to go to the defendant's automobile, defendant stated, "All right, I'll go with you. I'll show you where the car is."

In defense, defendant asserted that he was not guilty by reason of insanity. Both the defendant and the State presented testimony relating to this assertion and the

jury was instructed in this matter by the trial court.

Defendant asserts, as his first proposition of error, that the trial court erred in refusing to grant his motion for judgment notwithstanding the verdict, as the verdict was against the weight of the evidence. Defendant argues that testimony given by qualified witnesses raised "reasonable doubt" as to the sanity of the defendant, and with the State's failure to offer rebuttal evidence, the jury had no choice but to return a verdict of not guilty by reason of insanity. This situation was recently presented to this Court in Grist v. State, Okl.Cr., 510 P.2d 964 (1973), and we quoted from Jones v. State, Okl.Cr., 479 P.2d 591, stating:

"The single assignment of error urged on appeal is that the evidence is insufficient to support the verdict of the jury for the reason that the testimony of the defense witnesses relating to the mental condition of the defendant, was unrefuted by the State. Great reliance is placed by counsel for defense, upon the testimony of Dr. Shadid whose opinion was, in substance, that the defendant was unable to distinguish right from wrong at the time of the commission of the offense.

"While the facts differ from the instant case, we believe that the principal of law determinative of this issue was expressed in Dare v. State, Okl.Cr., 378 P.2d 339, where, in the body of the opinion, we stated:

'It is next urged that the evidence was insufficient to support the verdict of the jury and in support of this contention, the defendant argues that when the testimony of Doctors Charles Smith and Jim Behrman [footnote omitted] (psychiatrist on the staff of Griffin Memorial Hospital, Norman) was introduced on behalf of defendant a reasonable doubt as to the sanity of the accused was raised and it became incumbent for the state to introduce expert testimony establishing the de-

fendant's sanity beyond a reasonable doubt.

'This assertion presumes that the jury was bound to give credence to the opinions of Doctors Smith and Behrman. This presumption is not the law of this jurisdiction, for we have held:

(1) "The testimony of experts is not conclusive on the issue of mental capacity since the law makes no distinction in weighing evidence between expert testimony and evidence of other character" (In re Smith, Okl.Cr., 326 P.2d 835); and

(2) "On murder prosecution, the question of insanity at the time of the commission of the crime, presents a question of fact for the sole determination of the jury, and where there is any evidence tending to support the finding it is not the province of the appellate court to weigh the same." (Tarter v. State, Okl.Cr., 359 P.2d 596).'

"It is readily apparent that the testimony of defense witnesses did not raise a reasonable doubt in the minds of the jurors in that they concluded that the testimony of Dr. Shadid, based on observations made subsequent to the commission of the crime, may have established a Paranoid Schizophrenic condition at the time of the examination, but that his conclusion that the defendant did not know right from wrong at the time the homicide was committed, was not credible and should be disregarded.

"In the instant case there was evidence from which the jury could conclude that the defendant was normally sane, but had episodic remissions of insanity. In Cox v. Page, Okl.Cr., 431 P.2d 954, we stated, in referring to evidence of occasional insanity, that:

'Sanity being the normal and usual condition of mankind, the law presumes that every person is sane; the State in a criminal prosecution may

rely upon such presumption without proof relative thereto.' "

■ In looking to the instant case, we find the above stated reasoning applicable and conclude that the trial court properly submitted the issue of defendant's sanity to the jury under proper instruction. This assertion of error is, therefore, without merit.

■ That the trial court erred in denying defendant's motion for a change of venue is asserted by defendant as his second proposition of error. We have held many times that the granting of a change ·of venue is within the sound discretion of the trial court and that the action of the trial court will not be disturbed unless there is an abuse of that discretion. Sam v. State, Okl.Cr., 510 P.2d 978; Fesmire v. State, Okl.Cr., 456 P.2d 573; Sweet v. State, 70 Okl.Cr. 443, 107 P.2d 817.

■ In the instant case we do not find an abuse of discretion by the trial court. In looking to the record, it is very evident that the jurors were rigidly screened by both counsel for the defendant and the prosecution to ascertain ·whether or not the prospective jurors were capable of rendering a decision totally on the merits of the case presented at trial. Although not controlling in this matter, the fact that defendant's counsel waived the last of his peremptory challenges and accepted the jury is indicative of a conclusion that at that time counsel felt that those prospective jurors who were incapable of reaching a verdict on the merits, had been excluded.

■ It is a very real possibility that many jurors had read newspaper articles that preceded trial; however, each juror indicated that he could lay aside what he had read and render a fair judgment on the evidence presented to him. In Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961), the United States Supreme Court pointed out that the court cannot require that a juror not have read any stories about the case and that it is sufficient if the juror can lay aside his opinion and render a verdict on the evidence presented in court.

We see no evidence in the instant case to indicate that a verdict was reached on anything other than that evidence presented at the trial. We, therefore, find no merit to this assertion of error.

As his third proposition of error, defendant asserts that the trial court erred in overruling defendant's motion for determination of present sanity.

■ In raising this issue, defendant relies upon the provisions of 22 O.S.1971, § 1162, which provides:

"When an indictment or information is called for trial, or upon conviction the defendant is brought up for judgment, if a doubt arise as to the sanity of the defendant, the court must order a jury to be impaneled from the jurors summoned and returned for the term, or who may be summoned by direction of the court, to inquire into the fact."

The doubt referred to in the above statute has been stated by this Court to be that doubt which must arise in the court's mind. This Court stated in Acuff v. State, Okl. Cr., 283 P.2d 856:

". . . [T]hat the doubt justifying the impaneling of a separate jury to try the issue of the defendant's present sanity, under the statute, must arise in the mind of the court from the facts and circumstances, which facts and circumstances should be of a substantial character. . . ."

See also Hinex v. State, Okl.Cr., 417 P.2d 339; Grayson v. State, 85 Okl.Cr. 266, 188 P.2d 696.

■ Defendant asserts that the nature of the crime in this matter should be sufficient to establish the requisite doubt on the court's part; however, this matter was adjudicated by the jury in their determina-

tion whether the defendant was insane at the time of the commission of the crime. In an analogous situation in Pate v. State, Okl.Cr., 361 P.2d 1086, this Court stated:

"The motion by counsel is predicated upon conclusions based upon adjudicated facts in the trial that the defendant was not insane when the act was committed, which can not now be asserted herein as a basis for relief as to present sanity. See Mitts v. State, Okl.Cr., 345 P.2d 913, wherein we said the jury's determination of that issue was conclusive."

This Court pointed out · in Hinex v. State, supra, that cases of this nature must be considered on their own merits. In the instant case the record reflects that the defendant was twice examined at Western State Hospital in Ft. Supply, Oklahoma, and each time the defendant was stated to be sane. Furthermore, the court was in a position to evaluate defendant's condition in face of his contentions. It is our opinion that under these circumstances, the trial court did not err in overruling defendant's motion for determination of present sanity. We, therefore, find this assertion of error to be without merit.

As defendant's fourth proposition of error, he asserts that the trial court erred in overruling his application for reduction of sentence. Defendant states that the punishment is excessive and was induced by improper arguments made by the State in closing argument.

■ First, in looking to the scope of closing argument, this Court has stated repeatedly that the right of argument contemplates a liberal freedom of speech and the allowable argument is wide so long as the argument does not extend beyond the discussion of the evidence from the arguing party's standpoint, as well as reasonable inferences and deductions therefrom. See Hathcox v. State, 94 Okl.Cr. 110, 230 P.2d 927; Kennamer v. State, 59 Okl.Cr. 146, 57 P.2d 646.

■ This Court has also repeatedly pointed out that when an objectionable statement is made, it is necessary that it be called to the attention of the court by a timely objection, together with a request that the jury be instructed to disregard the improper statement. When this objection is not made, the party not so acting is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the error cannot be corrected by instruction to the jury. See Price v. State, Okl.Cr., 518 P.2d 1281; Neal v. State, Okl.Cr., 506 P.2d 936.

■ The record in the instant case reflects defendant's failure to object to many of the asserted prejudicial remarks which removes those remarks from our consideration, as it is the opinion of this Court that those remarks are not fundamentally prejudicial. Furthermore, it is our opinion that those remarks to which a timely objection was made, are not beyond the scope of comment in closing argument.

■ As to defendant's assertion that the sentence imposed is excessive, this Court quoted LaRue v. State, Okl.Cr., 404 P.2d 73, in Roberts v. State, Okl.Cr., 473 P.2d 264, stating:

"The question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all facts and circumstances the sentence is so excessive as to shock the conscience of the court."

In looking to the facts and circumstances in the instant case wherein the defendant beat his 12 year old step-daughter to death with a Dr. Pepper bottle, we feel that the punishment imposed was certainly commensurate with the facts adduced on trial, and does not shock the conscience of this Court. For the above reasons, we find defendant's fourth proposition of error to be without merit.

■ Defendant asserts, as his last proposition of error, that there exists cu-

mulative errors sufficient to require reversal. In this proposition defendant sets fourth five alleged errors that are not accompanied by argument or citations. This Court has held that contentions of error must be supported by both argument and citation of authority. Where this is not done, this Court will examine the record only to insure that the defendant has not been deprived of a fundamental right. See Sandefur v. State, Okl.Cr., 461 P.2d 954; Collins v. State, Okl.Cr., 407 P.2d 609. An examination of the record in the instant case reflects that defendant has not been deprived of a fundamental right, and we therefore hold this contention of error to be without merit.

Therefore, it is the determination of this Court that the judgment and sentence appealed from be affirmed.

BLISS, P. J., and BRETT, J., concur.