John Henry WADKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–183.

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1977.

Andrew L. Hamilton, Bay, Hamilton, Lees & Spears, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Harold T. Garvin, Jr., Asst. Atty. Gen., for appellee.

## OPINION[']

BRETT, Judge:

Appellant, John Henry Wadkins, hereinafter referred to as defendant, was charged in the District Court, Coal County, Case No. CRF–76–4, with the offense of Murder in the Second Degree, in violation of 21 O.S. 1971, § 702. He was tried by a jury, convicted and sentenced to imprisonment for a term of ten (10) years to life in the State penitentiary. From said judgment and sentence, defendant has perfected his timely appeal to this Court.

Briefly stated, the facts, adduced at trial are as follows. On the 13th of January, 1976, the defendant walked into the Coal County Sheriff's Office and informed Deputy Raymond Cole that he had shot someone. When Sheriff F. R. Heck arrived at the office, the defendant repeated this information to him. Subsequently, the defendant was taken to the office of Assistant District Attorney John Axton, where he was read his rights and was further questioned.

During this questioning, the defendant stated that he went to the home of Vernon Chastain and asked him "about that dope

he had" over at the defendant's house. Upon Chastain's protest that he knew nothing about any dope at defendant's house, the defendant shot him three or perhaps four times. Subsequent investigation disclosed that he had been shot four times. After shooting Chastain the defendant proceeded to the Sheriff's Office where he turned himself in.

Prior to preliminary hearing, the defendant was subjected to mental examination at Central State Hospital where it was found that he knew the difference between right and wrong and was capable of assisting in his own defense. However, a psychiatrist, privately consulted by the defendant, reached the opposite conclusion.

The defendant's sole defense at trial was that he was insane at the time of the commission of the crime. The defendant declined to take the stand in his own behalf.

■ The defendant's first assignment of error concerns the court's overruling of the defendant's objection to the introduction of pictures of the decedent. The defendant contends that since he did not deny killing the deceased, his defense being one of insanity, the pictures had no probative value whatsoever. In *Buntin v. State*, Okl.Cr., 403 P.2d 237 (1965), this Court cited the case of *Pate v. State*, Okl.Cr., 361 P.2d 1086 (1961), as follows:

"'Although it is error to receive in evidence gruesome photographs of a homicide victim, designed primarily to arouse the passion of the jury, such photographs are admissible; when they are relevant to the issues before the court and their probative value is not outweighed by the danger of prejudice to the defendant.'"

See, *Cottrell v. State*, Okl.Cr., 458 P.2d 328 (1969).

First, we cannot agree the fact and manner of the defendant's death was not at issue. While it may be true that the defendant's sole defense was insanity, the State still had the burden to prove the offense charged was committed by the defendant. As such, the pictures in question clearly had probative value.

Furthermore, even if we were to assume that the pictures were of no probative value, this Court is powerless to reverse unless it appears that the error complained of was so prejudicial as to have resulted in a miscarriage of justice, or constituted a substantial violation of a constitutional or statutory right. Title 20 O.S.1971, § 3001. The pictures complained of in the instant case were black and white photos, devoid of blood and were taken of the deceased in clinical surroundings which depicted little more than the location of the wounds on the body. Therefore, we find the defendant's first assignment of error to be without merit.

 The defendant next assigns as error the trial court's admission of the defendant's confession. The defendant contends the facts indicate that the defendant lacked the mental capacity to understand the voluntary waiver of his rights. With this contention we cannot agree.

A review of the record indicates that during the in camera hearing to determine the voluntariness of the waiver by the defendant, said defendant admitted to having been read his rights and even to have signed a waiver of those rights. He merely denied signing the waiver admitted into evidence. However, there was sufficient evidence introduced to indicate that he did sign the waiver in question, even though a written waiver is not necessary to waive one's rights.

The defendant contends that, notwithstanding testimony introduced by the State showing that the defendant stated that he understood his rights and made a voluntary waiver, he lacked the capacity to make such a waiver. It is asserted that at the time, the defendant was in a confused state of mind and did not understand his rights. However, the positive, lucid confession by the defendant as recorded, and the fact that the defendant exhibited sufficient understanding to assert his right to refuse to answer certain questions during the interrogation without presence of an attorney, does not bear out this assertion. Finding sufficient evidence upon which to base a determination of knowing and voluntary waiver, the defendant's second assignment of error is found to be without merit.

 The defendant's third assignment of error is the trial court's failure to give a manslaughter instruction as requested by the defendant.

In the instant case we can find no evidence which would suffice to reduce the crime of murder to manslaughter. In this case there is evidence, including a confession by the defendant, that the defendant shot the deceased with the intent to kill. The defendant's sole defense is that he was insane at the time of the murder. Clearly, the defendant was either guilty of murder or was not guilty by reason of insanity. There was no evidence adduced at trial which might reduce the crime. The fact that Dr. Armstrong testified that the defendant indicated he was sorry that this happened, and that he did not know it was going to cause so much trouble does not affect the elements of murder. We find the defendant's third assignment of error to be without merit.

 In the defendant's fourth assignment of error he asserts that the trial court should have answered the jury's question concerning whether mental evaluation or mental aid is available during imprisonment in the State penitentiary. Clearly, this assignment of error has no merit. In *Carr v. State*, Okl.Cr., 417 P.2d 833, 836 (1966), we stated as follows:

"We reiterate that it is error for trial courts to instruct the jury as to matters which are outside the record and not germane to the issues of the case and relate only to conditions subsequent to conviction and after the party has been incarcerated in our penitentiary or reformatory."

Also see, *Suits v. State*, Okl.Cr., 507 P.2d 1260 (1973). Therefore, we find the defendant's fourth assignment of error to be without merit.

 The defendant's fifth and final assignment of error is the trial court's failure to grant defendant's request for an immediate jury trial on the question of insanity.

In support of this contention, the defendant cites 22 O.S.1971, §§ 1162 and 1163. However, a careful study of these statutes and the cases interpreting them indicates that this assignment of error is without merit.

In *Russell v. State*, Okl.Cr., 528 P.2d 336 (1974), this Court cited *Acuff v. State*, Okl. Cr., 283 P.2d 856 (1955), for the proposition:

"' . . . [T]hat the doubt justifying the impaneling of a separate jury to try the issue of the defendant's present sanity, under the statute, *must arise in the mind of the court* from the facts and circumstances, which facts and circumstances should be of substantial character. . . .'" (Emphasis added, citations omitted)

Also see, *Grayson v. State*, 85 Okl.Cr. 266, 188 P.2d 696 (1947), and *Maas v. Territory*, 10 Okl. 714, 63 P. 960 (1901). In the instant case no doubt arose in the mind of the court which had opportunity to observe the demeanor of the defendant. Furthermore, in view of all the facts and circumstances, including a report from doctors at Central State Hospital declaring the defendant to be fit to stand trial, we find that the facts were not sufficient to give rise to such a doubt. The defendant's final assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence of the court below is, hereby, *AFFIRMED*.

BUSSEY, P. J., and CORNISH, J., concur.