Ernest E. RANKIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13612.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1966.

Jeff R. Laird, Sulphur, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Ernest E. Rankin, hereinafter referred to as defendant, was charged by information in the District Court of Murray County, Oklahoma, conjointly with James Rankin and Lovena Hockenberry, with the crime of Murder. He moved for a severance, and was tried alone by a jury, found guilty of Manslaughter First Degree and sentenced to Thirty (30) years in the penitentiary.

This charge grew out of a tavern brawl in which Sarge Hockenberry, Lovena's husband, was killed with a broken bottle by severance of his jugular vein. The evidence adduced at the trial revealed that James Rankin and Lovena Hockenberry had been going together; that her husband was aware of it; and, there had been previous trouble between victim and the Rankin brothers.

Defendant has appealed to this Court listing numerous assignments of error. We will discuss only the first one—that defendant was denied his right to counsel at the preliminary hearing.

Defendant stood charged with premeditated Murder, a capital offense, and could have received the death penalty.

On January 28, 1964, he was taken before the District Court (although he had not been bound over, and cause was not pending there) and when asked if he desired appointment of counsel, he advised the court that the had selected counsel of his own choosing, but had been unable to raise the money for the fee.

■ One month later, on February 29, 1964, he appeared for preliminary hearing without counsel. On the second page of the transcript of the preliminary hearing, the following transpired:

"BY MR. COLBERT, County Attorney:

May it please the Court, I have on file a complaint against James Rankin, Ernest E. Rankin, and Lovena F. Hockenberry, set for preliminary hearing here this morning. Lovena F. Hockenberry has heretofore waived preliminary hearing in her case and has been bound over to District Court for trial, and the preliminary hearing against James Rankin and Ernest E. Rankin is set for hearing at this time. The State is ready for this preliminary hearing if it please the court. I notice the Defendant's are here without an attorney and would like to call to the Courts attention to the fact that both defendants were brought into Court and given an opportunity to request the District Court to appoint an attorney and they both declined and said they didn't wish to have an attorney appointed to represent them. I would like the Court to ask the defendants at this time if they are ready for preliminary hearing.

BY THE COURT: Are you ready for preliminary hearing?

BY THE DEFENDANTS: Yes sir.

BY MR. COLBERT, County Attorney:

Let the record show that both defendants were ready for preliminary hearing. (He then reads the complaint)"

Under the Constitution and laws of this State, defendant is entitled to opportunity to consult with counsel at all stages of criminal proceedings.

This Court held in the case of Wyatt v. Wolf, Okl.Cr., 324 P.2d 548:

"Accused, who is charged by preliminary complaint with commission of a felony, must be advised of his right to aid of counsel when brought before committing magistrate, and, if accused desires aid of counsel and is unable, because of poverty, to obtain counsel, magistrate should appoint counsel for accused."

While this Court has held that this right may be waived, presuming waiver from a silent record, or from an ex parte statement made by the county attorney, is impermissible.

The record must show that defendant was informed by the magistrate or trial judge of all his Constitutional rights and that he was offered counsel, but intelligently and understandingly rejected the offer. This showing in the record is mandatory, and anything less is not a waiver. See, Carnely v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

In capital cases, the better practice would be for the magistrate or trial court to appoint counsel to represent defendant at every stage of the proceedings.

In the instant case, the statement of defendant that he did not desire court-appointed counsel was made to the District Judge a full month before the preliminary hearing. This statement does not meet the burden of presumption of waiver, even if this were not a capital case.

The court-appointed attorney for defendant raised this question in the District Court: first, by Motion to Quash Information—pg. 29 of casemade; again, by instrument titled "Application" on pg. 46 of casemade; again, by Motion to Set Aside Information—pg. 51 of casemade; and finally, combining in one instrument at pg. 53 of the casemade, a Motion to Quash Information, Plea in Abatement, and Motion to Set Aside Information. All stated that defendant had been denied his Constitutional rights to counsel at preliminary hearing.

On page 90 of the casemade, the following proceedings transpired:

"BY THE COURT: We have here this morning the case of The State of Oklahoma versus Ernest E. Rankin. Are all parties ready for trial?

BY MR. G. DIXIE COLBERT, COUNTY ATTORNEY OF MURRAY CO., The State is ready, your Honor.

BY MR. JEFF R. LAIRD: Your Honor, comes now the defendant, Ernest E. Rankin, and renews the motion heretofore filed to dismiss this complaint and information for the reasons stated in the verified application for dismissal on file herein, and on which application we would like to be heard further; and we renew our objections heretofore made to the proceedings had in this case and to the irregularities in and of prior proceedings and the information on which this man stands charged.

BY THE COURT: Overruled, sir.

MR. LAIRD: Exceptions, please.

BY THE COURT: Exceptions allowed. Anything further? * * *"

At this point, when this question was raised by proper motions, and defendant did not

announce ready for trial, but simply renewed his motions; it became the duty of the trial judge to direct the cause back for a proper preliminary hearing. The overruling of these motions by the trial judge constitutes reversible error.

For the reasons stated above, it is the opinion of this Court that this cause be remanded back to the trial court for a new trial.

It would be of importance in a re-trial of this cause, that the trial court should sustain objections to the hearsay evidence presented by the cab driver regarding conversation overheard in his cab by the participants in the crime.

Reversed and remanded.

BUSSEY, P. J., and BRETT, J., concur.