**Bobby Joe CARR, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13758.**

Court of Criminal Appeals of Oklahoma.

June 22, 1966.

Rehearing Denied Sept. 13, 1966.

Jay D. Dalton and Gary W. Sibley, Tulsa, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen. State of Oklahoma, Hugh G. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Bobby Joe Carr, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Robbery with Firearms After Former Conviction of a Felony. Judgment and sentence was rendered in accordance with the verdict of the jury, assessing his punishment at not less than 30 nor more than 90 years imprisonment in the State Penitentiary at McAlester. A timely appeal has been perfected to this Court.

■ There are a number of assignments of error urged on appeal and for the purpose of clarity we will deal with those which have some merit, but not in the order in which they were presented to the Court in the briefs of the respective parties. The defendant contends that the trial court erred in overruling his Demurrer to the evidence which in effect, challenges the sufficiency of the same. Briefly stated, the facts adduced on behalf of the State established that on the afternoon of December 31, 1964, the Quik-Trip Store, situate at 45th St. and Charles Page Boulevard in the City of Tulsa, Oklahoma, was robbed. Betty Stoddard and Rodney Jones observed one of the robbers enter the store and positively identified the defendant as being the driver who remained outside in the get-away car. Miss Stoddard noted the license number of the automobile and the description of the car. This information was transmitted to the police who later arrested the defendant in the automobile bearing the same license number. On his person, they found currency and fifty-cent pieces and quarters. The coins corresponded closely in denomination and number to those taken in the robbery. The defendant did not take the stand in his own behalf, but offered testimony, the gist of which was that other persons and not he, were in the automobile before and after the time that the robbery occurred.

■ We are of the opinion that the trial court properly overruled defendant's Demurrer, for we have repeatedly held that:

"Where evidence is conflicting, sufficiency thereof presents question for determination of jury, and trial court should not direct verdict or sustain demurrer to evidence if there is proof tending reasonably to sustain allegations of information."

See Henderson v. State, Okl.Cr., 385 P.2d 930.

■ The defendant next urges that the trial court erred in refusing to grant his Motion for Mistrial when the following proceedings occurred:

"(Out of hearing of the Jury)

MR. SIBLEY: At this time the defendant moves for a mistrial on the basis that in his opening argument the County Attorney placed the Information face upon the desk—on the bar within view of the jury, which shows the After Former Conviction which has been marked out, thus bringing their attention to it, and it is possible that one or more members of the jury had an opportunity to discover the defendant as being tried with the After Former Felony attached.

THE COURT: I was very carefully watching the jury and the Assistant County Attorney while he made his statement, at which time the Court observed absolutely no impropriety and I feel confident that if he had been displaying the Information to the jury, that the Court would have seen and observed the same and the Court thinks it just did not happen, and I, therefore, overrule the motion for mistrial.

MR. FALLIS: Your Honor, for the purpose of the record, with reference to the bar in question, the Information, or copy of the Information was not laid on the bar in front of the jury, but that after the completion of the reading of the same, it was placed on the court reporter's desk with the Information alleging After Former Conviction completely marked out.

THE COURT: Mark this as State's exhibit 1 for the purpose of this Motion

only, and in no event shall it be displayed to the jury.

MR. SIBLEY: We take an exception."

Defendant argues that it is possible that one or more of the jurors could have seen the Information and that portion which referred to defendant's former conviction and that assuming the same to be true, under the rule laid down in Harris v. State, Okl. Cr., 369 P.2d 187, this case must be reversed and remanded. Defendant argues that he did not call the jurors to determine whether or not they had seen that portion of the Information relating to the former conviction for the reason that to have done so would have firmly fixed in their minds that the defendant had a record. There is great merit to this contention; however, nothing would have prevented counsel for defendant to have called the jurors as witnesses in support of this assignment of error in the defendant's Motion for New Trial.

In view of the statement of the trial judge and absent some showing in the record that the jurors observed that portion of the Information relating to the former conviction, we must hold this assignment of error to be without merit.

The defendant next contends that the assistant County Attorney committed prejudicial error when, after extensive cross-examination of a defense witness and in apparent displeasure with the answers received from the witness, the assistant County Attorney stated in a sotto voce "horsefeathers." This gratuitous remark was objected to by defense counsel. The Court sustained his objection and admonished the assistant County Attorney. We agree with counsel for defense that the assistant County Attorney's action amounted to misconduct and was error which in a close case might be grounds for reversal; however, on the record before us we are of the opinion that the proof of defendant's guilt is overwhelming and that the error complained of under the facts here presented was not so prejudicial as to require reversal.

Defendant's last assignment of error arose in the second stage of the two-stage proceeding, after the jury had found the defendant guilty of the principal charge and while the trial court was instructing them relative to punishment. The particular instruction to which defendant took exception and now asserts as error is Instruction No. 4, the same providing:

"If you find the defendant guilty, it will be your duty to assess the punishment.

In this connection you are further instructed that in assessing the punishment in this case, you may within your discretion determine whether you will assess such punishment at a definite term, or whether you will assess such punishment under the provisions of the indeterminate sentence law.

*If you assess under the indeterminate sentence law, the Pardon and Parole Board is required to review the defendant's case at the end of the minimum term, and it will be for them to determine whether he serve longer than the minimum term you fix.* (Emphasis ours.) The indeterminate sentence law provides, in substance, that in all cases where a sentence of imprisonment in the penitentiary is imposed, the jury in assessing a term of confinement may fix a minimum and a maximum term, both of which shall be within the limits provided by law for conviction of the offense.

The minimum term may be less than but shall not be more than one-third of the maximum sentence imposed by the jury. Spelled out in this case, that means that if you decide to impose the indeterminate sentence, the minimum would have to be 5 years and the maximum 15 or more years; if the minimum you fix should be 10 years, the maximum could not be less than 30 or more years; a minimum of 20 years would require a maximum of 60 or more years.

These figures are given you purely to explain the method of computation, and shall not in any wise be considered by you as any suggestion as to what punishment to assess except that it must be within the limits of the law.

May I repeat that you may fix the sentence at a fixed term of any number of years not less than 5, or you may sentence under the indeterminate law. In other words, you have a very wide discretion in the matter of fixing the sentence, in the event you find beyond a reasonable doubt that the defendant is guilty of Robbery with Firearms as charged in the Information."

It was to the italicized portion of Instruction No. 4 that the defendant objected and which he now contends is error.

We are of the opinion that when the trial court instructed the jury that "If you assess under the indeterminate sentence law, the Pardon and Parole Board is required to review the defendant's case at the end of the minimum term, and it will be for them to determine whether he serve longer than the minimum term you fix," the court went beyond its duty and authority to fully instruct the jury as to the law as applied to the evidence in the case and committed error prejudicial to the defendant. That portion of the instruction complained of related to a condition subsequent to the conviction and sentence and was not germane to the question involved in the trial of the defendant as to the guilt or innocence, but provides for conditions subsequent to conviction and after the party has been incarcerated in our penitentiary or reformatory.

The question here presented is similar to that presented in Bean v. State, 58 Okl.Cr. 432, 54 P.2d 675, wherein this Court, speaking through the Honorable C. J. Davenport, stated:

"We have searched in vain to find where any court in the trial of a defendant has instructed the jury that when a defendant is convicted of a felony and receives a prison sentence as a punishment therefor he does not necessarily serve the entire term of punishment imposed, for the reason that the law makes a provision of commutation of time for good behavior. Under the statutes of Oklahoma when the court has instructed the jury as to the law as applied to the evidence in the case, it has discharged its full duty under its oath and the law; and when that duty has been fully discharged, the court goes outside of the facts in this case and gives the instruction herein complained of, it committed an error prejudicial to the rights of the defendant."

In Bean v. State, supra, as in the instant case, the instruction complained of was prejudicial to the defendant only insofar as it caused the jury to impose a greater punishment than they would have ordinarily imposed and under such circumstance, in the furtherance of justice, it is the duty of this Court to modify the sentence.

▮ We reiterate that it is error for trial courts to instruct the jury as to matters which are outside the record and not germane to the issues of the case and relate only to conditions subsequent to conviction and after the party has been incarcerated in our penitentiary or reformatory.

We commend Mr. Gary W. Sibley and Mr. Jay D. Dalton for their able representation and protection of the rights of defendant in both the trial court and on appeal. Their task was made more difficult by the manifest lack of cooperation which they received from the accused. The trial judge is to be commended for his patience and for the judicious manner in which he allowed the defendant to preserve his numerous objections in the record. We have carefully examined these objections and finding them without merit, deem it unnecessary to discuss them in this opinion. For all of the reasons above set forth the judgment and sentence appealed from is modified from a term of 30 to 90 years, to a term of 20 to 60 years in prison, and as so modified is affirmed.

Modified and affirmed.

BRETT, J., concurs.

NIX, J., not participating.