Joseph Austin SUITS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–16689.

Court of Criminal Appeals of Oklahoma.

March 21, 1973.

Rehearing Denied April 3, 1973.

Andrew T. Dalton, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., and Paul Crowe, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Joseph Austin Suits, hereinafter referred to as defendant, was charged,

tried, and convicted in the District Court of Tulsa County, Case No. CRF–70–524, for the crime of Robbery with Firearms. He was sentenced to serve a term of not less than twenty (20) years nor more than sixty (60) years in the State Penitentiary. Judgment and sentence was imposed in accordance with the verdict of the jury; and a timely appeal has been perfected to this Court. Judgment and sentence is reversed.

It will not be necessary to state the facts in this case, in that they are not in dispute. Defendant admitted the act for which he was being tried, and interjected the defense of insanity. The jury was instructed and retired to deliberate, but subsequently advised the court that they had a question. The substance of the question asked was, when the defendant would be eligible for parole. The court composed two supplemental instructions. The first instruction was a direct quote from 57 O.S.1961, § 354, which had reference as to when parole is considered. The second instruction was taken from Article 6, § 10 of the Constitution of Oklahoma, which had reference to the governor's power to grant parole. These supplemental instructions were given to the jury and it again retired to deliberate. The jury subsequently returned with the aforesaid verdict finding defendant guilty and assessed his punishment.

This Court said in Carr v. State, Okl.Cr., 417 P.2d 833:

"We are of the opinion that when the trial court instructed the jury that 'If you assess under the indeterminate sentence law, the Pardon and Parole Board is required to review the defendant's case at the end of the minimum term, and it will be for them to determine whether he serve longer than the minimum term you fix,' the court went beyond its duty and authority to fully instruct the jury as to the law as applied to the evidence in the case and committed error prejudicial to the defendant. That portion of the instruction complained of related to a condition subsequent to the conviction and sentence and was not germane to the question involved in the trial of the defendant as to the guilt or innocence, but provides for conditions subsequent to conviction and after the party has been incarcerated in our penitentiary or reformatory."

This Court further stated in *Carr*, supra:

"We reiterate that it is error for trial courts to instruct the jury as to matters which are outside the record and not germane to the issues of the case and relate only to conditions subsequent to conviction and after the party has been incarcerated in our penitentiary or reformatory."

This Court is therefore of the opinion that reversible error was committed when instructions were given to the jury concerning the time a person must serve, before he becomes eligible for parole. The judgment and sentence in the District Court of Tulsa County, Case No. CRF–70–524, is therefore ordered reversed and remanded for new trial.

BLISS, P. J., and BUSSEY, J., concur.