UNITED STATES of America,
Plaintiff-Appellee,

v.

George Daniel GATES,
Defendant-Appellant.

No. 76–3369.

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1977.

---

2. *See* note 1 above.

Clark Gable Ward, Houston, Tex., John A. Shorter, Washington, D. C., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., John P. Smith, Asst. U. S. Atty., Brownsville, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, AINSWORTH and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendant appeals on numerous grounds his conviction for conspiracy to possess and possession of heroin with intent to distribute. 21 U.S.C.A. §§ 841(a)(1), 846. We affirm.

Defendant, an attorney, traveled from Washington, D. C. to Texas with a man named Joyner. They were met by two other men, Ruiz and Guzman. The group went to a hotel to discuss the purchase of a half pound of heroin for $1500 an ounce. Defendant gave Ruiz a $1500 down payment. The following day Guzman, Joyner and Ruiz brought heroin to the hotel. Defendant approved it and promised to pay the balance of the purchase price on his return to Washington. He departed Texas that evening.

Joyner was subsequently arrested and a half pound of heroin found in his luggage. Defendant was indicted. Shortly before

**1088**

trial time, Joyner was murdered. Since Joyner was to have been the Government's major witness, the court granted a Government motion for dismissal of the indictment, after a jury had been selected but not sworn.

The defendant was later reindicted on the same charges. During various pretrial proceedings defendant represented himself, notwithstanding repeated warnings by the court that he should either retain or request the appointment of counsel. At one point defendant informed the court that he had hired a lawyer. The attorney informed the court, however, that he had not been paid, and his request to withdraw was granted. During this period defendant informed the court that he would hire counsel in an advisory capacity only, as he wanted to conduct his own defense. On the day set for trial defendant appeared with another attorney, who immediately requested a continuance because of his unfamiliarity with the case. The court granted a postponement only until after lunch. The attorney then withdrew, and defendant went to trial without counsel. At the trial Ruiz, who had been indicted jointly with defendant but pled guilty prior to trial, was the chief Government witness. Defendant was found guilty on both counts after a five-day trial.

■ On appeal defendant's retained counsel raises four points. First, he argues defendant was denied his constitutionally guaranteed right to the assistance of counsel when the trial court refused a continuance to permit his counsel to make adequate preparations. The grant or denial of a continuance rests in the discretion of the trial judge. *United States v. Uptain*, 531 F.2d 1281, 1285 (5th Cir. 1976). This is true even where the denial of the continuance will shorten the amount of time available for preparation of the defendant's case. *United States v. Valdez*, 418 F.2d 363, 365 (5th Cir. 1969). Furthermore, a defendant may not indefinitely postpone trial by continued applications for more time to seek representation. Whether additional time should be granted is within the sound discretion of the trial court. Further, where a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney.

*United States v. Arlen*, 252 F.2d 491, 494 (2d Cir. 1958). *Accord, United States v. Terry*, 449 F.2d 727 (5th Cir. 1971). In this case defendant, an attorney, represented to the court that he had particular expertise in the field of narcotics trials, that any other counsel would act merely as an advisor to him, assured the court on three occasions he would get counsel, and told the court that he would try the case himself if he did not secure counsel. He repeatedly requested more time to secure counsel. Over three months elapsed between his arrest and the date of trial. The court could conclude that defendant was engaged in delaying tactics and had waived his right to counsel.

■ Second, defendant complains that the court failed to ascertain if all the jurors were literate in the English language, a statutory qualification under 28 U.S.C.A. § 1865(b)(2) (1977 Supp.). This point was not raised at all during the trial. "Where the objection to a juror relates, not to actual prejudice or other fundamental incompetence, but to a statutory disqualification only, such disqualification is ordinarily waived by failure to assert it until after verdict, even though the facts which constitute the disqualification were not previously known to the defendants." *Ford v. United States*, 201 F.2d 300, 301 (5th Cir. 1953). *See also United States v. Crockett*, 514 F.2d 64, 69 (5th Cir. 1975).

■ Third, defendant asserts that double jeopardy barred his reindictment. Defendant, however, was never put in jeopardy under the first indictment. "In the case of a jury trial, jeopardy attaches when a jury

is empaneled and sworn." *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Here, while the jury had been selected under the first indictment, it was discharged before its members had been sworn.

■ Fourth, defendant argues it was a violation of the Jencks Act, 18 U.S.C.A. § 3500, for the Government to fail to turn over handwritten interview notes made by a Government agent who interviewed Ruiz in prison. A typed statement which was compiled from those notes and signed by Ruiz was given to the defendant. Notes are not considered a Jencks Act statement until shown to and affirmed by the witness. Once such a final statement has been made, it is permissible for the Government to destroy the interview notes used in preparing it, and it is not a violation of the Jencks Act to fail to turn such notes over to the defense. *United States v. Pacheco*, 489 F.2d 554, 566 (5th Cir. 1974).

■ Defendant filed a *pro se* brief in addition to the brief of his retained attorney. The Council of the Fifth Circuit has recently decided to permit the filing of only one brief in such circumstances. Henceforth, any *pro se* brief filed after the briefing by a retained attorney will be returned by the Clerk with the following notice:

> I am required to return to you herewith, unfiled, the *pro se* brief which you are attempting to file in your case in this Court, since neither Rule 28, Federal Rules of Appellate Procedure, nor the Local Rules of this Court permit the filing of more than one brief on behalf of an appellant, and a brief has already been filed by your court-appointed counsel.

In this case, however, briefed before the adoption of the Council policy, we have fully considered the arguments in the *pro se* brief, which raises numerous issues concerning an initial refusal to grant a severance, sufficiency of the evidence, misconduct on the part of the court and the prosecutor, various evidentiary rulings of the court, and the content of the charge given to the jury.

After examining each of these contentions the Court finds them to be without merit.

AFFIRMED.