Johnnie Allen DUNNUM, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-718.

Court of Criminal Appeals of Oklahoma.

June 14, 1982.

Robert A. Ravitz, Asst. Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., James B. Franks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Johnnie Allen Dunnum, the appellant, was convicted of Rape in the First Degree, in the District Court of Oklahoma County, Case No. CRF–80–312. He was sentenced to ninety-nine years' imprisonment.

On January 14, 1980, the appellant went to the home of his mother, F. D., and forced her to engage in sexual intercourse with him against her will.

On March 6, 1980, the Public Defender of Oklahoma County was appointed to defend the appellant. In response to the appellant's subsequent request to conduct his own defense at trial, a hearing was conducted to determine whether or not the appellant should be permitted to do so on April 9, 1980. The court expressly asked the appellant if he desired to represent himself and, also, admonished him that self-representation was not in his best interest. At that hearing, the public defender stated, for the record, that the State had recommended a punishment of 15 years' imprisonment on a guilty plea, which the appellant had rejected. When the appellant persisted in his demand to provide his own defense, the court entered an order permitting him to do so and also required the public defender to sit at counsel table with the appellant in an advisory capacity.

Before trial the appellant was asked again if he desired to represent himself. The trial court advised the appellant that he needed to be familiar with the rules; that he would be responsible for his own defense; that the judge could not help him; and that the judge would be making legal rulings. The public defender, who was acting in a standby capacity, stated into the record that the appellant had been apprised of the following: his right to a jury trial; the consequences of a blind plea; the State's recommendation of 15 years' punishment on a guilty plea; the basics of court-room procedure; and the inadvisability of representing himself.

Predictably, the first proposition of error attacks the waiver of his right to counsel. The right of an individual to represent himself in a criminal matter is of Constitutional proportions, as was established in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In allowing a defendant to waive his right to an attorney, the court should insure that he is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel McCann*, 317 U.S. 269 at 279, 63 S.Ct. 236, at 241, 87 L.Ed. 268, 143 A.L.R. 435. *Faretta v. California*, supra, 422 U.S. at 810, 95 S.Ct. at 2529, 45 L.Ed.2d at 582. An examination of the record before this Court indicates that the appellant was twice advised regarding the hazards of representing himself, once at a special motion hearing before Judge Stewart Hunter and again before trial by Judge Cannon. This was sufficient to protect the appellant's constitutional rights. See *Coleman v. State*, 617 P.2d 243 (Okl.Cr.1980).

In his second proposition of error, the appellant charges that the punishment is excessive. However, the sentence is clearly within the range permitted by law, and there is no basis upon which modification is warranted.

The judgment and sentence is affirmed.

BUSSEY and CORNISH, JJ., concur.