Jed S. LINEBERRY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–317.

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1983.

Rehearing Denied Sept. 16, 1983.

Michael C. Howerton, Muskogee, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Jed S. Lineberry, was charged with, tried for, and convicted of the crime Grand Larceny in violation of 21 O.S.1971, §§ 1701 and 1704, in Case No. CRF–79–74 in the District Court of Haskell County, State of Oklahoma. Upon recommendation of the jury, appellant was sentenced to a term of three years' imprisonment. From this judgment and sentence, appellant has perfected an appeal to this Court.

Appellant asserts that the trial court improperly forced him to trial without counsel by refusing to grant a continuance to enable him to obtain counsel. Because we find that reversible error occurred, this is the only assignment of error we address.

■ A person charged with a felony in a state court has an unconditional and absolute right to a lawyer. See, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and *Rankin v. State,* 83 N.M. 133, 409 P.2d 641 (Okl.Cr.1966). However, this right may be waived if done knowingly and voluntarily. See, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.2d 1461 (1938). Yet waiver will not be "lightly presumed," and the trial judge must "indulge every reasonable presumption against waiver." *Johnson,* 304 U.S. at 464, 58 S.Ct. at 1023, 82 L.Ed. at 1467.

The controlling issue in the instant case is whether appellant intelligently and voluntarily waived his constitutional right to counsel before representing himself in the District Court of Haskell County wherein he was convicted of Grand Larceny.

The following colloquy occurred between the Court and appellant prior to commencement of the trial:

THE COURT: We have set for trial, Case No. CRF–79–74, State v. Jed S. Lineberry.... What says the defendant?

MR. LINEBERRY: I don't have an attorney but I guess I'm ready.

THE COURT: Okay, you have indicated before that you wanted to represent yourself at one time or another and you've had an attorney here twice, and he has withdrawn. Why do you not have an attorney now?

MR. LINEBERRY: I can't get one this quick.

THE COURT: Well are you employed?

MR. LINEBERRY: Well I don't know after today.

THE COURT: Who do you work for?

MR. LINEBERRY: I work for Good Year.

THE COURT: How much do you make?

MR. LINEBERRY: $5.00 an hour.

THE COURT: Mr. Lineberry, do you understand that we are not going to continue this again because you don't have an attorney with you. Do you understand that?

MR. LINEBERRY: You're not going to continue it?

THE COURT: No. Do you understand also that there are certain rules of evidence and procedure that we will follow and do you understand we're going to follow those regardless of whether you have an attorney or not and you will be bound by those rules?

MR. LINEBERRY: Yes.

THE COURT: Do you have anything further you want to tell us before we proceed?

MR. LINEBERRY: Not anything other than I told you before.

THE COURT: All right. Just have a seat. We're going to call the jurors back in.

■ While this Court has previously held that the right to counsel may be waived, the record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. This record is mandatory and anything less is not waiver. *Rankin v. State,* 83 N.M. 133, 409 P.2d 641 (Okl.Cr.1966). See, *Carnely v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed. 70 (1962).

■ The Court's allegation that appellant wanted to represent himself is unsupported by the record. At least four attorneys rep-

resented appellant at one time or another, yet the record reflects the withdrawal of only the third one. Apparently the first three attorneys were court appointed, the fourth retained.

The record is completely silent respecting the events occurring between the time subpoenaes were issued for the October 23, 1980 scheduled trial date and October 20, 1981, the actual trial date. Nothing reflects when, why or whether the retained attorney withdrew from the case, or why the trial was delayed for a full year, causing the trial to be conducted two years after the alleged commission of the crime charged.

The need for attorneys to file a written motion to withdraw and an order of withdrawal as the attorney of record is clear. In *Louder v. State*, 568 P.2d 344 (Okl.Cr. 1977), this Court approved of the trial court's overruling of defendant's motion for continuance and the court-appointed attorney's motion to withdraw. Both the court-appointed attorney and the attorney retained three days before the trial represented defendant at trial.

The court-appointed attorney, in *Johnson v. State*, 556 P.2d 1285 (Okl.Cr.1976) approached the court when his two clients wrote a letter dismissing him as their attorney. In a hearing with the defendants and the attorney, the court explained that although the defendants had a right to counsel, they had no right to select their court-appointed attorney. The judge took great pains to make sure that the defendants were choosing to proceed pro se rather than to continue to be represented by the attorney appointed by the court. Only after the defendants knowingly and intelligently waived their right to counsel and denied the offer to have the attorney present at trial to advise them on questions that might arise did the judge grant permission for the attorney to withdraw.

In the case at bar there is no record showing that appellant chose to represent himself. Appellant stated that he did not have an attorney but "guessed" he was ready to proceed with the trial. The trial court was obviously planning to commence the trial regardless of whether appellant was ready or represented by counsel. Under the facts and circumstances of this case, this Court cannot in good conscience find the appellant knowingly, intelligently and voluntarily waived his constitutional right to counsel. Therefore we must reverse and remand this case for a new trial.

In passing, we observe that appellant at one time retained private counsel, and thus, on remand he must present sufficient evidence to the trial court showing he once again falls within the guidelines necessary for entitlement to a court-appointed defender.

For the foregoing reasons, this cause is REVERSED and REMANDED for a new trial before a different judge.

CORNISH, J., specially concurs.

BUSSEY, P.J., dissents.

CORNISH, Judge, specially concurring:

I agree that the record does not reflect that appellant elected to proceed pro se. To establish such choice, "the trial court should clearly ascertain that a defendant knowingly, voluntarily and intelligently elects to proceed pro se." *Stiner v. State*, 539 P.2d 750, 753 (Okl.Cr.1975). In addition, "[t]his Court *strongly encourages* trial courts in this jurisdiction to appoint standby counsel in cases where the defendant elects to represent himself." *Johnson v. State*, 556 P.2d 1285, 1297 (Okl.Cr.1976) (emphasis in the original.) Accordingly, trial without counsel was not justified by an election to proceed pro se.

The dissent makes the important point that the defendant should not be permitted to completely frustrate the judicial process by alleging on the day of trial that he is not prepared and needs additional time to retain counsel and subpoena witnesses. Beyond question,

> [w]here a defendant able to retain counsel has been advised by the court that he must retain counsel by a certain reasonable time, and where there is no showing

why he has not retained counsel within that time, the court may treat his failure to provide for his own defense as a waiver of his right to counsel and require such defendant to proceed to trial without an attorney.

*United States v. Gates,* 557 F.2d 1086, 1088 (5th Cir.1977), cert. den., 434 U.S. 1017, 98 S.Ct. 737, 54 L.Ed.2d 763. See also *United States v. Fowler,* 605 F.2d 181 (5th Cir. 1979); and *United States v. Terry,* 449 F.2d 727 (5th Cir.1971). However, I find the following to be persuasive in this regard:

> While this Court will never countenance the strategy of a clever defendant to force a trial court to require him to proceed pro se as a means of furnishing him error on appeal, if that be the case the burden is on the state to present a record adequate to establish it.

*State v. Lande,* 180 Mont. 157, 589 P.2d 666, 670 (1979). In this case, the only evidence bearing on the issue is appellant's statement that he was employed at $5.00 an hour; that he was unable to get an attorney "this quick"; and the judge's and appellant's reference to conversations not of record on appeal. I cannot find that appellant's conduct, reflected in the record, constitutes a waiver of his right to counsel.

Therefore, I specially concur.

BUSSEY, Presiding Judge, dissents:

I must respectfully dissent. I would affirm the conviction. The defendant was employed, had been represented by counsel, was not entitled to court appointed counsel, nor to additional postponement for his failure to timely secure counsel of his choice. As was cited in *Lamascus v. State,* 516 P.2d 279 (Okl.Cr.1973):

> If defendant's contentions should be adopted by this Court, it would be a simple matter for any defendant in any case to completely frustrate the judicial process by alleging on the day of the trial that he is not prepared for trial and needs additional time to retain counsel for preparation of his defense, without having presented a valid reason to the trial court for his failure to retain legal counsel and

to subpoena defense witnesses prior to date of trial.