**Rickke GREEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–402.**

Court of Criminal Appeals of Oklahoma.

Aug. 4, 1988.

Rehearing Denied Sept. 6, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William K. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Rickke Green, was convicted of the crime of Assault with a Dangerous Weapon After Former Conviction of Two or More Felonies, in violation of 21 O.S.Supp. 1983, § 645 and 21 O.S.1981, § 51(B), in the District Court of Pittsburg County in Case No. F–83–269 and was sentenced to a term of forty (40) years' imprisonment, and he appeals.

At all times relevant to this appeal, the appellant has been an inmate at the Oklahoma State Penitentiary in McAlester, Oklahoma. Because of his pattern of disruptive activity, prison officials decided on May 11, 1983, that it was necessary to move appellant to another cell. Upon being informed of the pending move, appellant made it known that he intended not to cooperate. The Deputy Warden then went to appellant's cell and attempted to talk him into moving voluntarily. Appellant responded by throwing objects at the prison officials and threatening to hurt someone if they tried to move him forcibly.

Faced with appellant's actions, the officials decided that force was necessary. A five-man "cell entry team" was called. When the cell door was opened, one of the officers entered and observed appellant standing in the center of his cell with what appeared to be a weapon in his hand. The officer immediately backed out of the cell and warned the others about what he had seen.

The team then entered the cell and pinned appellant in a corner with the use of a protective device referred to as a "mattress." While the officers were struggling with him, appellant twice attempted to stab one of them in the neck with a dagger

which had been fashioned from a sharpened piece of welding rod.

On July 17, 1983, appellant was charged by information with Assault With a Dangerous Weapon (Count I) and with Possession of Contraband in a Penal Institution (Count II). Count II was later successfully demurred to, and the charge dismissed.

Appellant's eventual trial followed a procedural nightmare, during which appellant had four preliminary hearings and three separate, court-appointed attorneys. He was eventually tried before a jury in the District Court of Pittsburg County on August 15, 1984. Just before trial was scheduled to begin, appellant discharged his third attorney. An in camera hearing was held during which it was established that appellant was going to proceed pro se, and that his attorney would remain to provide assistance if and when appellant requested such. Appellant then stood mute throughout the entire trial and refused to put on any defense, even though the record shows that his attorney was ready and able to do so.

■ Predictably, the first proposition of error raised is that the trial court erred in "forcing" appellant to proceed pro se. Appellant also suggests that he was not fully advised of the consequences of his acts and that a continuance should have been granted in order to allow appointment of a fourth attorney. We find this assignment of error to be totally unsubstantiated by the record.

A thorough reading of all of the various transcripts in this appeal convinces us that appellant was perfectly aware of the possible consequences of his acts. An indigent defendant cannot demand a choice of appointed counsel. *Johnson v. State,* 556 P.2d 1285, 1294 (Okl.Cr.1976). Nor may a defendant who elects self representation in this manner later be heard to complain that he was denied effective assistance of counsel. *Farreta v. State,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Johnson v. State,* 556 P.2d at 1297. This assignment of error is frivolous and without merit.

■ Next, appellant suggests that the trial court erred in failing, on its own motion, to initate proceedings to determine his competency to stand trial. Based on the facts in the record, this assignment is also without merit.

The proper standard when reviewing this assignment is that a trial court's decision not to initate formal competency proceedings will not be disturbed on appeal absent a clear showing of abuse of discretion. *Clark v. State,* 718 P.2d 375 (Okl.Cr.1986). We see no hint of abuse of discretion in this record; this proposition of error is also without merit.

■ The third proposition of error is that appellant was denied a fair trial because some of the jurors had seen him brought into the courthouse in restraints during the punishment phase of his trial. Counsel on appeal suggests that this requires that appellant's conviction be reversed, and cites *McQueen v. State,* 421 P.2d 284 (Okl.Cr. 1966). We disagree.

In similar, more recent cases, this Court has refused to reverse convictions. *See Pisano v. State,* 636 P.2d 358 (Okl.Cr.1981); *Boyle v. State,* 569 P.2d 1026 (Okl.Cr.1977). The record shows that, upon learning of this, the trial court properly admonished the jury that it was an unintentional oversight that appellant had been handcuffed when brought into court; that his being in restraints was solely because he was an inmate and he was being treated no differently than any other inmate. At most, this was an unfortunate incident and harmless. *See Norman v. State,* 648 P.2d 1243 (Okl. Cr.1982).

■ Next, the appellant alleges fundamental error in the trial court's failure to instruct the jury on lesser-included offenses. Appellant alleges "fundamental" error in an obvious attempt to circumvent the fact that no objections were made to the instructions nor were alternative instructions offered.

The test here is that the trial court erred only if the evidence warranted an instruction on lesser-included offenses. *See Lloyd v. State,* 654 P.2d 645, 646 (Okl.Cr.1982).

The uncontroverted evidence here is that appellant attacked the prison officer with a homemade dagger. This evidence does not justify an instruction on the lesser offenses of simple Assault or Assault Upon a Police Officer. Appellant's fourth proposition, therefore, has no merit.

█ Using three subpropositions, the appellant next argues that the trial court erred in allowing the State to introduce evidence of three of appellant's prior felony convictions in order to enhance his punishment on this conviction. Again, we note the absence of objections in the record. See Parks v. State, 651 P.2d 686 (Okl.Cr. 1982); Abbott v. State, 661 P.2d 914 (Okl. Cr.1983).

Contrary to appellant's artful argument, we see no evidence that two of the prior convictions that were used could be considered as being part of the same transaction. See Love v. State, 675 P.2d 466, 468 (Okl.Cr.1984). Similarly, inclusion of the phrase, "After Former Conviction of a Felony," as part of the earlier convictions is neither irrelevant nor improper. See Camp v. State, 664 P.2d 1052 (Okl.Cr. 1983).

█ As the last part of this proposition, the appellant points out the fact that one of his prior convictions used to enhance punishment was also used in an attempt to enhance punishment at his first trial for this offense. At that trial, the jury chose not to consider that conviction and refused to enhance punishment. Therefore, appellant reasons, the State is collaterally estopped to use the same offense, disregarded by the earlier jury, as a means to enhance punishment here because he was necessarily "acquitted in his former trial" of the earlier offense. We fail to see the logic in this approach.

Title 22 O.S.1981, § 951 states that "[t]he granting of a new trial places the parties in the same position as if no trial had been had." Appellant was fully advised by his first attorney about the possible consequences if his motion for new trial was granted. Appellant insisted on presenting that motion, dismissed his attorney and was successful in obtaining the new trial he wanted. He may not now rely on any phase of that earlier trial as a basis for reducing the punishment set by the jury in this, his second, trial. This argument, too, lacks merit. See also Fischer v. State, 483 P.2d 1162 (Okl.Cr.1971).

█ Next, the appellant argues that the trial court erred in failing to advise the jury that his sentence would have to be served consecutively to his preexisting sentences. We have stated in the past that matters outside the record, not pertinent to issues in the case, such as probation and parole, are best avoided when instructing the jury. Reynolds v. State, 575 P.2d 628 (Okl.Cr.1978); Suits v. State, 507 P.2d 1260 (Okl.Cr.1973). So, too, is the question whether a sentence for an unrelated criminal prosecution is to be served consecutively or concurrently with existing sentences. Accordingly, this assignment lacks merit.

Lastly, appellant argues that his juvenile prosecutions were improperly used to enhance punishment. This assignment is moot in light of the District Court of Oklahoma County Inquiry into the constitutionality of these convictions in Case Nos. CRF-71-409; CRF-71-2306; CRF-71-2307; and CRF-71-2308; which is also part of the record here. Appellant's attack on these convictions in his last proposition of error is frivolous and without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in result.